O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD BERNARD C., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 2:23-cv-00199-KES <br><br> MEMORANDUM OPINION AND ORDER |

**I.**

**INTRODUCTION**

On January 11, 2023, Plaintiff Richard Bernard C. ("Plaintiff") filed a Complaint for review of denial of social security disability benefits. (Dkt. 1.) Plaintiff filed Plaintiff's Brief ("PB") under the Rule 6 of the Supplemental Rules for Social Security Actions at 42 U.S.C. § 405(g). (Dkt. 13.) On August 17, 2023, Defendant filed a responding Commissioner's Brief ("CB") under the Rule 7. (Dkt. 19.) Plaintiff neither replied nor sought an extension within 14 days, as required by Rule 8.

For the reasons stated below, the Commissioner's decision denying benefits is AFFIRMED.

1

## II.

## BACKGROUND

In May 2020, Plaintiff applied for child disability benefits[1] ("DIB") pursuant to Title II of the Social Security Act, 42 U.S.C. § 401 et seq., and Supplemental Security Income ("SSI") under Title XVI, 42 U.S.C. § 1381 et seq., alleging disability beginning on January 23, 2001. Administrative Record ("AR") 324, 336-37. On September 13, 2021, an Administrative Law Judge ("ALJ") conducted a telephonic hearing at which Plaintiff, who was represented by counsel, appeared and testified, along with a vocational expert ("VE"). AR 131-157.

On October 28, 2021, the ALJ issued an unfavorable decision. AR 25-42. The ALJ used the mandatory five-step evaluation process. At step two, the ALJ found that Plaintiff had the following severe, medically determinable impairments ("MDIs"): "autistic disorder, learning disorder not otherwise specified, pervasive developmental disorder not otherwise specified, and depressive disorder." AR 28. At step four, the ALJ found that despite these MDIs, Plaintiff retained the residual functional capacity ("RFC") to perform work at all exertional levels with the following mental limitations:

> [Plaintiff] can understand, remember, and carry out simple, routine, and repetitive instructions and tasks. [Plaintiff] is limited to isolated work, which involves no direct public contact and occasional direct co-worker and supervisor interaction and no group tasks. (There is no limit on incidental contact.) [Plaintiff] should perform only low-stress work, which is defined as requiring only few changes in work setting, occasional changes in work duties and no work on a moving

---

[1] An adult who is 18 years or older and has a disability before age 22 may file for child disability benefits. 20 C.F.R. § 404.350(a)(5). Accordingly, Plaintiff must establish that he became disabled prior to January 23, 2020, the day he attained 22 years of age. AR 324.

conveyor belt. He cannot travel as part of work duties. AR 31-32.

Based on this RFC, the VE's testimony, and other evidence, the ALJ found that Plaintiff could work as a hospital cleaner, kitchen helper, and cafeteria attendant. AR 37. The ALJ concluded that Plaintiff was not disabled. AR 38.

## III.
## ISSUES PRESENTED

Issue One: Whether the ALJ erred in discounting Plaintiff's subjective symptom testimony. (PB at 7.)

Issue Two: Whether the ALJ erred in discounting the lay testimony of Plaintiff's stepfather, Mr. W. (PB at 15.)

## IV.
## DISCUSSION

### A. ISSUE ONE: Plaintiff's Testimony.

#### 1. Relevant Law.

In assessing a claimant's subjective testimony, the ALJ conducts a two-step analysis. Trevizo v. Berryhill, 871 F.3d 664, 678 (9th Cir. 2017). The ALJ must first determine "whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1102 (9th Cir. 2014) (cleaned up). If the claimant does so, and there is no affirmative evidence of malingering, then the ALJ can reject the claimant's testimony as to the severity of the symptoms "only by offering specific, clear and convincing reasons for doing so." Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008) (cleaned up). "These findings, properly supported by the record, must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." Bunnell v. Sullivan, 947 F.2d

341, 345-346 (9th Cir. 1991) (en banc).

### 2. Relevant Administrative Proceedings.

The ALJ summarized Plaintiff's hearing testimony (AR 138-42) and Function Report (AR 374-81). AR 32. The ALJ found that Plaintiff's testimony about the "intensity, persistence and limiting effects" of his symptoms was inconsistent with his "longitudinal treatment record." AR 33. The ALJ also found that Plaintiff's "claims of debilitated functioning are not consistent with contemporaneous reports of actual functioning" and "his level of functioning is not as limiting as alleged." AR 33.

### 3. Analysis of Claimed Error.

First, Plaintiff contends that the ALJ discounted his testimony based solely on the lack of supporting, objective, medical evidence. (PB at 11, 13-14.) This argument misstates the record. The ALJ also relied on inconsistency between Plaintiff's testimony and his "actual functioning," i.e., his reported activities. AR 33. The ALJ cited evidence that Plaintiff worked as receptionist at the Antelope Valley College Art Gallery and attended community college, pursuing a bachelor's degree in kinesiology with some special education accommodations. AR 30, 33. According to the ALJ, he had "relatively good activities of daily living," that included attending classes, hanging out with friends, going to the supermarket unaccompanied, having a driver's license,[2] using a computer, reading, preparing simple meals, completing some household chores, playing video games, going to the gym, caring for his dog, and using public transportation. AR 30-33, citing Plaintiff's Function Report and hearing testimony.

Second, Plaintiff contends that the ALJ failed to identify sufficiently what testimony was inconsistent with the medical evidence, precluding meaningful

---

[2] In June 2020, Plaintiff did not have a driver's license. AR 377. By the hearing in September 2021, he had a driver's license. AR 138.

1  review of the ALJ's reasoning.  (PB at 12-13.)  But the ALJ contrasted Plaintiff's
2  testimony on several topics with countervailing medical evidence.  For example,
3  the ALJ noted that Plaintiff "reported difficulty memorizing things due to a short
4  attention span and that he must have things explained in simple terms to
5  understand."  AR 29, citing AR 379 ("I do better with one- to two-step visual
6  directions.").  The ALJ contrasted this testimony with objective testing that showed
7  Plaintiff had "normal immediate verbal memory, which was an area of particular
8  strength, and a working memory score of 99 upon psychological testing in 2011."
9  AR 29, citing AR 447-48.  The ALJ also cited Plaintiff's testimony that "he can
10 only pay attention for five to seven minutes at a time if he is not interested and
11 only up to twenty minutes at a time if he is interested, does not finish what he
12 starts, and must have only simple and concrete directions that must be repeated at
13 times."  AR 30, citing AR 379.  In contrast, psychological testing in 2009 "showed
14 low average to average attention and concentration skills with some variability
15 within tasks, which was determined to show intact abilities in this area."  AR 30,
16 citing AR 464-65.  The ALJ contrasted Plaintiff's testimony that he handles stress
17 by becoming so anxious or frustrated that he may "walk away" (AR 380) with
18 evidence that he could "complete lengthy homework assignments, such as doing a
19 15-page workbook and writing in a daily journal."  AR 31, citing AR 764, 773.
20 These are just some examples, but they sufficiently explain and support the ALJ's
21 finding of inconsistency.

**B.     ISSUE TWO: Mr. W.'s Testimony.**

        **1.     Relevant Administrative Proceedings.**

        Mr. W. also completed a Function Report.  AR 366-73.  The ALJ considered
that report and assessed Mr. W.'s testimony as internally inconsistent, as follows:

> [Plaintiff's] stepfather also reported that [Plaintiff] is able to play
> video games for two to three hours per day, attend church and school
> regularly, and does not require accompaniment or reminders to go

5

places, yet also inconsistently reported that [Plaintiff] has difficulty
following directions and can only pay attention for a few minutes at a
time.

AR 36.

### 2. Analysis.

The parties disagree over what ALJs must say in their written opinions to discredit lay testimony. Plaintiff contends that the ALJ was required to "give reasons that are germane" but failed to do so. (PB at 15.) Defendant counters that new regulations (cited in the ALJ's opinion at AR 36) relieve ALJs from the old requirement to articulate germane reasons. (DB at 17); see Fryer v. Kijakazi, 2022 U.S. App. LEXIS 35651, at *7 n.1 (9th Cir. Dec. 27, 2022) ("It is an open question whether ALJs are still required to consider lay witness evidence under the revised regulations, although it is clear they are no longer required to articulate it in their decisions."); John A.O. v. Kijakazi, 5:21-cv-01900-AFM, 2023 U.S. Dist. LEXIS 5556, *25 (C.D. Cal. Jan. 11, 2023) (collecting unpublished district court cases on both sides).

The Court need not resolve this disagreement. Even under the old regulations, an ALJ's failure to provide reasons for rejecting lay testimony is harmless if it is "inconsequential to the ultimate nondisability determination." Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1162 (9th Cir. 2008). This standard is met if the lay testimony can be rejected for the same reasons as the claimant's testimony. Molina v. Astrue, 674 F.3d 1104, 1121 (9th Cir. 2012) ("[W]here the ALJ rejects a witness's testimony without providing germane reasons, but has already provided germane reasons for rejecting similar testimony, we cannot reverse the agency merely because the ALJ did not clearly link his determination to those reasons."); Valentine v. Astrue, 574 F.3d 685, 694 (9th Cir. 2009) (holding that because the ALJ gave valid reasons for rejecting the claimant's subjective complaints and "because the wife's testimony was similar to such

complaints, it follows that the ALJ also gave germane reasons for rejecting her testimony").

Here, the ALJ's reasons for discrediting Plaintiff's testimony (i.e., inconsistency with the medical evidence and his activities) would apply equally to Mr. W.'s Function Report.  Plaintiff has failed to carry his burden on appeal of demonstrating prejudicial error.

## V.
## CONCLUSION

For the reasons stated above, IT IS ORDERED that Judgment be entered AFFIRMING the decision of the Commissioner denying benefits.

DATED:  September 12, 2023

_____
KAREN E. SCOTT
United States Magistrate Judge